```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**SARAH PARTNERSHIP, for**
**CALVIN WOOD,**

    **Plaintiff,**

**v.**                                         **Civil Action No. 1:07cv103**
                                                 **(Judge Keeley)**

**ROBERT AND JERRY STONE,**
**and their wives,**

    **Defendants.**

## ORDER DISMISSING CASE

    The putative <u>pro</u> <u>se</u> plaintiff, Calvin Wood ("Wood"), by Sarah Partnership, initiated this action by filing a civil rights complaint and an Application to Proceed Without Prepayment of Fees in the United States District Court for the Southern District of Indiana. However, because the events giving rise to the alleged cause of action occurred within this District, and the defendants reside here, on July 26, 2007, the Southern District of Indiana transferred the case to this Court pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1406(b).

### I. Standard of Review

    Title 28 U.S.C. § 1915(a) provides that "[s]ubject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person]

possesses that the person is unable to pay such fees or gives security therefor."

Title 28 U.S.C. § 1915(e)(2) further provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --

> (B) the action or appeal --
>
> > (i) is frivolous or malicious,
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune for such relief."

## II. The Complaint

In the complaint, Sarah Partnership, for Wood asserts federal jurisdiction on the basis of diversity of citizenship. Assuming that Wood himself is the plaintiff, he does not state any specific cause of action. Although Wood's complaint is incomprehensible at times,[1] a careful review of the allegations contained there

---

[1] On page 17 of the complaint, Wood alleges that his civil rights were violated, without identifying any particular right, then supports that contention with a claim that twenty-two years ago, a Morgantown man told Catholic Church officials that he had been sexually abused by a priest in the late 1970s. On the next page, Wood further supports this claim with the fact that Deah Taylor was the first attorney in West Virginia to sue for the right to advertise. The plaintiff goes on to talk about visiting his website and general problems of prosecutorial

establishes that Wood is attempting to raise some type of claims against defendant Robert Stone based on his official actions as a Circuit Court Judge in Monongalia County, West Virginia, and his personal actions as a private individual. Moreover, Wood appears to raise claims against the remaining defendants based on their personal actions as private individuals. Furthermore, although he seeks compensatory damages, the only claims about which Wood actually alleges any injury to himself are those which relate to his disbarment and the "taking" of certain rental properties that he once owned.

### III.  Analysis

Rule 8 of the Federal Rules of Civil Procedure requires only a short and plain statement of a claim showing that the pleader is entitled to relief. However, "although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than a bald statement by plaintiff that he has a valid claim of some type against the defendant." Midgal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

---

abuse.  Complaint at 19.  None of these facts, however, shows any violation of Wood's constitutional rights, nor is it clear how, exactly, they are even related to his "claims" against the defendants.

Moreover, the Court recognizes that, as a pro se litigant,[2] Wood is entitled to liberal construction of his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Such liberal construction is meant to protect litigants who lack any legal training from having meritorious claims dismissed on a technical nuance of the law. Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). However, liberal construction principles are not without limitation. Id. at 1151. Liberal construction does not authorize or allow a court to construct an argument or theory for a pro se plaintiff. Id. To do so would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. Id.

In this case, although Wood provides the many details which underscore his belief that he is entitled to relief, he fails to show how any of these facts, even if true, give rise to a federal cause of action.[3] At best, Wood alleges only one possible cause of

---

[2] Although technically a "pro se litigant," Wood does not lack legal training. Wood is a former attorney who has been disbarred. See infra at 6, n.5.

[3] For instance, Wood alleges that Robert and Jerry Stone have or had ties to organized crime. Yet, Wood does not assert how such ties, even if true, entitle him to relief. In addition, Wood makes several allegations pertaining to the personal lives of the defendants, but again, fails to assert how such behavior, even if true, entitles him to relief in federal court.

action, one arising under 42 U.S.C. § 1983.[4] In his claims against Judge Robert Stone, Wood asserts that Stone abused his power as a Circuit Court Judge in West Virginia. Even assuming this claim is true, Wood cannot proceed against Robert Stone under § 1983 because Judge Stone's actions in his official capacity would be barred by the doctrine of judicial immunity. Pierson v. Ray, 386 U.S. 547 (1967) (judges who are sued under 42 U.S.C. §1983 are absolutely immune from individual liability in exercising their judicial jurisdiction); Mireles v. Waco, 502 U.S. 9,11 (1991) ("judicial immunity is immunity from suit, not just the ultimate assessment of damages"). Additionally, Wood has not set forth sufficient facts to demonstrate that Judge Stone's actions fall within one of the exceptions to the absolute judicial immunity rule. Forrester v. White, 484 U.S. 219 (1988) (absolute judicial immunity does not apply if a judge acts without jurisdiction or has not acted in a judicial manner).

As to Wood's claims regarding the loss of his law license and the alleged loss of his rental properties, those claims, even if

---

[4] Section 1983 provides in relevant part that "[e]very person who, under color of any statue, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in any action at law . . . [or] suit in equity." Therefore, a successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.

credible, would clearly be barred by the applicable statute of limitations.[5]

Finally, to the extent Wood makes criminal allegations against the defendants, the Court fails to see how such allegations entitle the plaintiff to relief. Wood asserts that some of the defendants were involved in drug dealing and rape. However, none of those instances either involved or affected Wood personally. Nor may he assert criminal charges in a civil case context. Thus, to the extent that Wood seeks civil damages against the defendants for their alleged criminal actions against other people, he has no standing[6] to bring such claims. <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975) (a plaintiff "generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties").

---

[5] In West Virginia, an individual's right to conduct a business or pursue an occupation is a property right. <u>See</u> Syl. Pt. 6, <u>Garrison v. Herbert J. Thomas Mem. Hosp.</u>, 190 W.Va. 214, 438 S.E.2d 6 (1993). Therefore, any claim involving damage to one's business or occupation is governed by the two-year statute of limitation set forth in W.Va. Code 55-2-12. <u>See</u> <u>Kessel v. Monongalia County General Hosp. Co.</u>, 215 W.Va, 609, 616, 600 S.E.2d 321, 328, n. 10 (2004). Upon inquiry with the West Virginia State Bar Association, Wood was disbarred on or about January 4, 1996. Moreover, the newspaper articles which Wood claims caused him to lose certain rental properties ran in the Spring of 1985. Complaint at 3. As a result, Wood asserts that he "went broke" in 1986 and that his property was subsequently sold at foreclosure proceedings. <u>Id.</u> at 13-14. All of these events, which involve alleged damage to Wood's rental business and legal occupation, occurred well over two years ago.

[6] "The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance." <u>Kowalski v. Tesmer</u>, 543 U.S. 125, 128(2004)

### IV. Conclusion

For the foregoing reasons, the Court finds that Wood's claims are insufficiently pled, time-barred by the applicable statute of limitations, inappropriately raised as a civil rights action, or otherwise fail to state a claim for which relief may be granted. Therefore, the complaint is **DISMISSED with prejudice** and Wood's Application to Proceed Without Prepayment of Fees is **DENIED** as **MOOT**. The Clerk is directed to enter judgment accordingly and remove this case from the Court's active docket.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this Order to counsel of record, as applicable, and to the pro se plaintiff by certified mail.

DATED: August 7, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE